FILED & ENTERED

AUG 11 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>DALE ALFRED WILLIAMS.<br><br>Debtor. | Case No. 2:12-bk-15652-RK<br><br>Chapter 11<br><br>**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT IN CONTESTED MATTER OF DEBTOR'S MOTION OBJECTING TO CLAIM OF INTERNAL REVENUE SERVICE AND RESCHEDULING PRETRIAL CONFERENCE AND JOINT PRETRIAL STIPULATION FILING DEADLINE**<br><br>Hearings:<br>Date:    August 10, 2016<br>Time:   1:30 p.m.<br>Place:  Courtroom 1675<br>            255 East Temple Street<br>            Los Angeles, CA 90012 |

This bankruptcy case came on for hearing before the undersigned United States Bankruptcy Judge on August 10, 2016 on the cross-motions for summary judgment in the contested matter of the motion of debtor Dale Alfred Williams ("Debtor") objecting to the claim of the Internal Revenue Service ("Claimant"). Carl P. Blaine and Minna C. Yang, of the law firm of Wagner Kirkman Blaine Klomparens & Youmans, LLP, appeared for Debtor. Benjamin L. Tompkins, Assistant United States Attorney, appeared for Claimant.

Having considered the moving and opposing papers for the cross-motions for summary judgment and the oral and written arguments of the parties, the court rules as follows.

1. The court denies Debtor's motion for summary judgment since plaintiff has not shown that he is entitled to judgment as a matter of law because: (1) the tax claim is not disallowable for lack of a writing under Fed. R. Bankr. P. 3001 since it is statutory and not based on a writing like a secured claim based on a consensual security agreement, *In re Los Angeles International Airport Associates*, 106 F.3d 1479, 1480 (9th Cir. 1997); (2) the tax claim is not disallowable on grounds that a statutory notice of deficiency was not issued because the IRS may summarily assess the tax arising out of tentative loss carryback in excess of the allowable amount of refund pursuant to 26 U.S.C. § 6213(b)(3), *United States v. Frontone,* 383 F.3d 656, 662 (7th Cir. 2004); *Greer v. Commissioner*, 557 F.3d 688, 690-693 (6th Cir. 2009)(distinguishing *O'Bryant v. United States*, 49 F.3d 340 (7th Cir. 1995) relied upon by debtor); (3) the tax claim is not disallowable based on equitable estoppel since there is no showing of affirmative misconduct by the government beyond mere negligence and there can be no reasonable reliance here on statements by IRS agents that a statutory notice of deficiency would be issued, which statements are at most negligent, since the Internal Revenue Code expressly authorizes the IRS to assess the excess refund from a tentative loss carryback as tax under 26 U.S.C. § 6213(b)(3), *Purcell v. United States*, 1 F.3d 932, 939-940 (9th Cir. 1993); and (4) the tax claim is not subject to equitable subordination under 11 U.S.C. § 510(c) since there is no showing of inequitable conduct under the circumstances here described above, *In re Filtercorp, Inc.,* 163 F.3d 570, 583 (9th Cir. 1998).
2. The court declines to consider the argument of Debtor for summary judgment first raised in his reply to Claimant's opposition to his motion for summary judgment that the claim is time-barred as to adjustments relating to taxable years

2003 through 2007, which are allegedly unrelated to the loss carryback for taxable year 2008, pursuant to Local Bankruptcy Rule 9013-1(g)(4), which provides that "[n]ew arguments or matters raised for the first time in reply documents will not be considered," which is applicable to a motion for summary judgment pursuant to Local Bankruptcy Rule 7056-1(a).

3. The court overrules Debtor's objections to declaration of the revenue agent in support of Claimant's motion for summary judgment because: (1) the form of jurat on the declaration is permitted without the words "under the laws of the United States of America" pursuant to 28 U.S.C. § 1746(2), which does not require these words if the jurat is executed within the United States and it appears that the agent executed the declaration where he is employed in Sacramento, California, which is within the United States.  Debtor would be right if the jurat had been executed outside the United States applicable because then 28 U.S.C. § 1746(1) would require the words "under the laws of the United States of America" as debtor argues; and (2) treat the agent as a lay percipient witness as to his personal knowledge of the events relating to the audit and as a "summary expert witness" as to his audit analysis and allow the testimony for purposes of the motion.  *See United States v. Frantz*, 2004 WL 5642909 (C.D. Cal. 2004).  The court is mindful of the concerns regarding use of summary expert witnesses as stated by the district in *Frantz* and will help streamline the presentation of evidence in the case, Fed. R. Evid. 611(a), and the concerns expressed in *Frantz* should be mitigated in this case in that any trial will be by court, not by jury, adverse parties will be able to fully cross-examine the witness and the court will carefully scrutinize the testimony of such witness, recognizing that the issues presented in this case will be decided based on the objective factual evidence rather than by a witness's characterization of the objective factual evidence.

4. The court denies Claimant's motion for summary judgment on grounds that there are genuine issues of material fact regarding the validity of debtor's claimed losses to be resolved at trial.

5. At the request of the parties, the court reschedules the pretrial conference in this contested matter for October 12, 2016 at 1:30 p.m. from August 23, 2016 at 2:00 p.m. in light of the court's order continuing the hearings on the summary judgment motions from July 19, 2016 to August 10, 2016 necessitated by Debtor's filing of an oversized supplemental memorandum of points and authorities in opposition to Claimant's motion for summary judgment *nunc pro tunc* wherein the court granted *nunc pro tunc* relief on condition that Claimant would have an opportunity to respond with an opportunity for a sur-reply in response to the oversized brief.  Order, ECF 1279, filed on July 16, 2016.

6. The court further sets the deadline for filing the joint pretrial stipulation required by Local Bankruptcy Rule 7016-1 for October 5, 2016.

7. The previously set pretrial conference and joint pretrial stipulation filing deadline dates are vacated.

IT IS SO ORDERED.

###

Date: August 11, 2016

_____
Robert Kwan
United States Bankruptcy Judge